UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 03 2011



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-40005-02 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| MICHAEL L. WALSH, | |
| Defendant, | |
| and | |
| ACTION CARRIER INCORPORATED, Watertown, SD, and its successors or assigns, | |
| Garnishee. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Government filed its Application for Writ of Continuing Garnishment (Doc. 107) the Defendant Michael L. Walsh submitted his Objection to Garnishment and Request for Hearing (Doc. 114). The Government then filed a Petition for an Order of Appearance and Withholding. (Doc. 115). A hearing was held pursuant to 28 U.S.C. § 3202(d) before this Court on Tuesday, November 30, 2010.

In his objection to the Garnishment, Defendant Michael Walsh contends that the Court in Defendant's criminal judgment established a $300 per month payment schedule for the restitution, that Michael Walsh has been making the $300 per month payments, and that the Government's attempt to garnish Walsh's wages runs counter to the criminal judgment. Walsh, however, was no longer under court supervision as of September 21, 2010.

Walsh has provided no legal support for his argument that the Government is forever bound by the installment payment schedule the court imposed in the criminal judgment. A

sentencing court is responsible for ordering restitution, and enforcing it during supervision. *See* 18 U.S.C. §§ 3556, 3613A and 3614. But these powers, being tied to the sentencing court's authority to modify or revoke supervised release, are of limited duration. *See United States v. Lawrence*, 538 F.Supp.2d 1188, 1193 (D.S.D. 2008).

The Court has discretion to limit the Government's enforcement federal debt collection pursuant to 28 U.S.C. § 3013[1]. *See United States v. Mayes*, No. CIV 06-4060, 2007 WL 3001670 at *1 (D.S.D. Oct. 10, 2007). Defendant, however, has not presented a factual basis to support this Court limiting the Government from operating within the structure Congress has afforded it to make victims of federal crime whole. Accordingly,

IT IS ORDERED:

1. That Defendant Michael L. Walsh's Objection to Garnishment is overruled ; and

2. That pursuant to 28 U.S.C. §3205(c)(6), the Garnishee, Action Carrier, Incorporated, or any successor, shall answer the Writ of Garnishment in the above-entitled action within 10 days of this Order being filed; and

3. That the Government's request for attorney fees is denied.

Dated this 21st day of January, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
DEPUTY

---

[1] 28 U.S.C.A. § 3013 provides: "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."